UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| TAMMY WELLS WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-349-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Tammy Wells Wright ("Wright") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 4 and 6] Through this action, Wright seeks to reverse the decision of an administrative law judge ("ALJ"), concluding that she is not entitled to disability insurance benefits under Title II of the Social Security Act. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Wright.

**I.     LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability

-1-

application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II. PROCEDURAL HISTORY

Wright filed an application for disability insurance benefits on January 19, 1996. This application was denied initially and upon reconsideration. Following an administrative hearing, ALJ James Kemper, Jr., issued a decision denying Wright's claim for benefits. [Tr., pp. 53-62] Wright filed a request for review of the decision on September 10, 1997, which was denied by the Appeals Council but later remanded by this Court. After another hearing, ALJ Kemper again denied Wright's claim for benefits, but the Appeals Council remanded the case due to error in computation of Wright's last insured date and due to other procedural matters.

On April 11, 2002, an administrative hearing was held before ALJ Judith Showalter in Prestonsburg, Kentucky. [Tr., pp. 325-330] During this hearing, the ALJ received testimony from Wright and Donald Joe Wooline, a Vocational Expert ("VE"). A supplemental hearing was conducted on June 13, 2002. Thereafter, the ALJ issued a decision denying benefits to Wright. ALJ Showalter concluded that Wright retained the residual functional capacity to perform a significant range light work. [Tr., p. 331] Based on testimony from the VE, the ALJ further concluded that Wright was capable of performing a significant number of jobs in the national economy. [Tr., p. 331] Wright now appeals this decision claiming that she became disabled on January 24, 1995, as a result of back pain, diabetes and anxiety.

### III. DISCUSSION

Despite the lengthy procedural history of this case, Wright raises one argument in support of her claim that the Commissioner's decision should be reversed. Specifically, she argues that the ALJ erred by failing to recontact her treating physicians, Dr. Sarah Belhasen and Dr. John Vaughn. In making this argument, she relies upon relevant regulations and the holding in *Persell v. Secretary of Health and Human Services*, 36 F. 3d 1097 (6th Cir. 1994). However, this reliance is misplaced under the facts presented.

In this case, the ALJ did not reject Drs. Belhasen and Vaughn's "opinions" because they were incomplete. Instead, she determined that they were incorrect based on the objective evidence in the record and the conflicting opinions of other physicians. The ALJ specifically stated that she was discounting Drs. Belhasen and Vaughn's conclusions regarding Wright's sitting, standing and walking limitations because their functional assessments were not supported by objective medical evidence and because they were inconsistent with each other. [Tr., p. 328] Notwithstanding this specific finding, Wright argues that the ALJ should have recontacted these doctors to "obtain additional information and clarification of their opinions." (*See* Clmt.'s Br. at 4.)

> Title 20 C.F.R. Section 404.1512(e) provides, in relevant part:
>
> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily

-5-

>   available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

The ALJ is correct that the record does not support the conclusions of Drs. Belhasen and Vaughn. As noted by the ALJ, Dr. Belhasen's and Dr. Vaughn's sitting, standing and walking limitations are not consistent with the objective medical findings, such as radiculopathy. Moreover, these doctors opinions are not consistent with each other. Dr. Vaughn opined that Wright was capable of walking and standing three hours a day, while Dr. Belhasen found that Wright could only stand and walk two hours a day. Dr. Belhasen further found that Wright required six hours of bed rest per day, but Dr. Vaughn did not make that finding. Unsupported conclusions, even from treating physicians, are not accorded any particular deference. 20 C.F.R. § 404.1527(d)(2).

The recontacting provision cited by Wright is only triggered when the medical information in the record is inadequate for the Commissioner to determine whether the claimant is disabled. 20 C.F.R. § 404.1512(e) ("When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision."). Wright has not argued that the ALJ lacked sufficient evidence. Further, she does not identify

-6-

which medical records the ALJ lacked that would have required recontacting Drs. Belhasen and Vaughn.

Thus, 20 C.F.R. § 404.1512(e) does not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Wright was disabled. There was no conflict or ambiguity in Dr. Belhasen and Dr. Vaughn's reports that required clarification. Rather, the problem with their reports was the lack of objective evidence to support the claims. The ALJ considered Dr. Belhasen and Dr. Vaughn's reports and properly discounted them. Substantial evidence in the record supported this conclusion.

### IV.   CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Tammy Wells Wright's Motion for Summary Judgment [Record No. 4] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 6] is **GRANTED**; and

(3) The administrative decision of the Commissioner is hereby **AFFIRMED**. A separate judgment entered this date.

This 12th day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge